UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

ELISE LODEN and DARREL LODEN,   )
                                )
         Plaintiffs,            )
                                )    Case No.  CIV 11-438-JHP
vs.                             )
                                )
STATE FARM FIRE AND CASUALTY    )
COMPANY and MARK HODSON,        )
                                )
         Defendants.            )

**OPINION AND ORDER**

Before the Court is Plaintiffs' Motion for Order of Voluntary Dismissal (Doc. No. 26), Defendant State Farm's ("State Farm") Motion for Summary Judgment (Doc. No. 27), and Defendant's Motion in Limine (Doc. No. 31). After consderation of the briefs, and for the reasons stated below, Plaintiffs' Motion for Order of Voluntary Dismissal is conditionally **GRANTED**. Accordingly, unless Plaintiffs timely withdraw their Motion for Order of Voluntary Dismissal, State Farm's Motion for Summary Judgment and Motion to Clarify are **MOOT**.

**BACKGROUND**

State Farm is a Write-Your-Own Program carrier participating in the United States Government's National Flood Insurance Program, a program created by the National Flood Insurance Act of 1968. Plaintiffs obtained a Standard Flood Insurance Policy ("SFIP") through State Farm and a local State Farm Insurance Agent, Defendant Mark Hodson ("Hodson") in May of 1998. The original SFIP policy, policy number 36-RA-2702-2 ("flood insurance policy"), went into effect on May 16, 1998, and had a $115,000 policy limit for building coverage.

Plaintiffs renewed this policy annually, and without modification, until 2007, when Plaintiffs contacted Hodson to alter the policy. According to Plaintiffs, it was at this point they requested the flood insurance policy be altered to provide insurance coverage to both Plaintiffs'

primary residence ("primary residence") and a secondary house ("secondary house") located a short distance from the primary residence and used primarily for storage purposes. But the only change Hodson made to the flood insurance policy was to increase the building covereage amount from $163,800 to $250,000. This coverage change increased the premiums for the Plaintiffs' flood insurance policy, and Plaintiffs believed that the increased premiums were a result of modifying the covereage to include the secondary house. In addition, between 2007 and 2011, Hodson made repeated representations to Plaintiffs' mortgage company that both the primary home and secondary house, both of which served as collateral on a loan, were insured against flood loss. Despite these representations and Plaintiffs' belief to the contrary, the secondary house was not covered against flood loss.

On April 26, 2011, Plaintiffs' property was damaged by a flood that occurred on the Illinois River. Both the primary residence and secondary house were damaged by the flood. Plaintiffs subsequently submitted flood damage forms to State Farm for each structure. State Farm paid $29,164.04 in response to the damage claim associated with the primary residence. State Farm denied the damage claim for the secondary house because Plaintiffs' flood insurance policy did not cover the secondary house.

## PROCEDURAL BACKGROUND

On December 7, 2011, this case was removed to this Court from the District Court for Cherokee County, Oklahoma. (Doc. No. 2). On January 6, 2012, this Court entered a scheduling order providing the parties with the deadlines, including the time for amendments to the pleadings (February 13, 2012), deadline for submission of dispositive motions (September 21, 2012), and deadline for submission of agreed jury instructions (November 1, 2012). (Doc. No. 14). On September 20, 2012, one day before the deadline for submission of dispositive motions, Plaintiffs filed a Motion for Order of Voluntary Dismissal. (Doc. No. 26). On

September 21, 2012, State Farm filed a Motion for Summary Judgment. (Doc. No. 27). Finally, on October 30, 2012, Defendants filed a Motion to Clarify. (Doc. No. 37).

## DISCUSSION

**A. Plaintiffs' Motion to Voluntarily Dismiss Claims Under Rule 41(a)(2)**

On September 20, 2012, Plaintiffs filed a Motion for Order of Voluntary Dismissal. (Doc. No. 26). Plaintiffs explained that "it has become apparent during discovery that the Plaintiffs' claims against State Farm Insurance should be dismissed." (*Id.*) On October 4, 2012, State Farm formally raised its opposition to Plaintiffs' motion in its response. (Doc. No. 28).

A plaintiff who wishes to voluntarily dismiss its action but who cannot do so via notice or stipulation under Rule 41(a)(1) must seek an order of dismissal from the court. FED. R. CIV. P. 41(a)(2). Rule 41(a)(2) authorizes the voluntary dismissal of a cause of action, but only "upon order of the court and upon such terms and conditions as the court deems proper." Fed.R.Civ.P. 41(a)(2). Generally, a dismissal under Rule 41(a)(2) is addressed to the sound discretion of the court and the motion is granted unless the opposing party will suffer legal prejudice. *See Ohlander v. Larson,* 114 F.3d 1531, 1537 (10th Cir.1997); *see also Clark v. Tansy,* 13 F.3d 1407, 1411 (10th Cir.1993). However, Rule 41 "is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Phillips USA, Inc. v. Allflex USA, Inc.,* 77 F.3d 354, 357 (10th Cir.1996). The Tenth Circuit has identified four non-exclusive factors that should be considered when reviewing a request for voluntary dismissal: "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for dismissal; and the present stage of the litigation." *County of Santa Fe, New Mexico v. Public Service Co. of New Mexico,* 311 F.3d 1031, 1048 (10th Cir.2002).

In considering the factors identified by the Tenth Circuit, the Court notes that the motion, although it was filed near the close of discovery, was the result of scheduling conflicts. (Doc.

No. 29 at 6; Doc. No. 30 at 6). The Plaintiffs offered a sufficient explanation of the need for dismissal, and the scheduling conflicts that delayed the discovery of the evidence compelling the Plaintiffs to file this motion can hardly be weighed in opposition to this motion. (Doc. No. 26). The Court also recognizes the time and expense associated with preparing State Farm's Motion for Summary Judgment, but is also cognizant that both Defendants are represented by the same counsel. (Doc. No. 30 at 3; Doc. No. 8). Having considered the circumstances of this case, the Court finds that State Farm has not shown that it will be legally prejudiced if Plaintiffs' motion to dismiss the claims against State Farm is granted without prejudice. But even absent legal prejudice, the Court should consider whether the circumstances of the case warrant the imposition of curative conditions on the voluntary dismissal to prevent any unfair, adverse affect on State Farm. *See Brown v. Baeke*, 413 F.3d 1121, 1126 (10th Cir. 2005)

In order to prevent this voluntary dismissal from unfairly affecting State Farm, the Court has broad discretion to impose curative conditions. *Phillips USA,* 77 F.3d at 357. There are two major concerns raised by State Farm. First, as discussed above, State Farm has been forced to incur costs and expenses in defending the suit up to this point. (Doc. No. 30 at 3). Second, State Farm is concerned with the possibility that new theories of recovery may be asserted by Plaintiffs in a future suit against State Farm. (*Id.*) To be sure, it would be manifestly unfair for the Court to provide Plaintiffs the opportunity to change their theories for recover in a later suit in light of the February 13, 2012, deadline for amending the pleadings to assert or modify the theories for recovery. (Doc No. 14).

Accordingly, the Court grants Plaintiffs' Motion for Order of Voluntary Dismissal without prejudice upon the following conditions: (1) that upon refilling of their claims Plaintiffs shall compensate State Farm for those fees and expenses incurred from the dismissed suit prior to September 21, 2012; (2) the amount of fees and expenses to be paid will be determined at the time Plaintiffs refile their claims; and (3) that upon refilling of this action against State Farm,

Plaintiffs may only assert the causes of action and/or legal theories for recovery which Plaintiffs asserted in their Petition. (Doc. No. 2). Because Plaintiffs have the right to withdraw their motion to dismiss when the conditions imposed by the court seem too onerous, the Court gives Plaintiffs until November 2, 2012, to withdraw their motion for dismissal without prejudice. If Plaintiffs do not withdraw their motion, then this order granting their motion on the above conditions will take effect on November 3, 2012, and State Farm's Motion for Summary Judgment and Motion to Clarify will be deemed moot. If Plaintiffs do withdraw their motion, the Court will timely decide the State Farm's Motion for Summary Judgment and Motion to Clarify.

## CONCLUSION

For the reasons detailed above, Plaintiffs' Motion for Order of Voluntary Dismissal is conditionally **GRANTED**. Accordingly, unless Plaintiffs timely withdraw their Motion for Order of Voluntary Dismissal, State Farm's Motion for Summary Judgment and Motion to Clarify are **MOOT**.

ORDERED this 31st day of October, 2012.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma