UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ELISE LODEN and DARREL LODEN, )<br>)<br>Plaintiffs, )<br>)<br>vs. )<br>)<br>STATE FARM FIRE AND CASUALTY )<br>COMPANY and MARK HODSON, )<br>)<br>Defendants. ) | Case No. CIV 11-438-JHP |

**OPINION AND ORDER**

Before the Court is Defendants' Motion in Limine to Exclude Plaintiffs' Expert Daryll W. Martin (Doc. No. 31); Plaintiffs' Response in Opposition (Doc. No. 35); and Defendants' Reply (Doc. No. 39). After consideration of the briefs, and for the reasons stated below, Defendants' motion is **GRANTED**.

**DISCUSSION**

The Court, in performing its "gatekeeper" function, must evaluate proposed expert testimony to ensure that the information is both relevant and reliable. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993). This applies not only to scientific knowledge, but also to technical or other specialized knowledge. *Kumho Tire Co., Ltd. v. Carmichael,* 526 U.S. 137 (1999). In order to be relevant, the testimony must "assist the trier of fact to understand the evidence or to determine a fact in issue." *Daubert,* 509 U.S. at 591. To be reliable, the testimony "must be based on scientific knowledge, which implies a grounding in the methods and procedures of science based on actual knowledge, not subjective belief or unsupported speculation." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1222 (10th Cir. 2003) (quoting *Daubert*, 509 U.S. at 590) (internal quotations omitted). The decision regarding the relevance and reliability of such evidence is committed to the sound discretion of the trial court. *Kumho*, 526 U.S. at 158.

Defendants argue that Martin's opinions regarding the allegedly negligent conduct of Defendant Hodson should be excluded because, among other things, Martin's opinion will not be helpful to the trier of fact. The touchstone of admissibility of expert testimony is its helpfulness to the trier of fact. *Hayes v. Wal–Mart Stores, Inc.,* 249 F.Supp.2d 1249, 1251 (E.D. Okla. 2003) (citing *Wilson v.. Muckala,* 303 F.3d 1207, 1219 (10th Cir. 2002)). Federal Rule of Evidence 702 authorizes the admission of expert testimony that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. "Although expert testimony is generally presumed to be helpful to jurors, courts have excluded expert testimony under Rule 702 on matters within the common knowledge of jurors." *Tilton v. Capital Cities/ABC Inc.*, 938 F.Supp 751, 753 (N.D.Okla. 1995) (citing *Jetcraft Corp. v. Flight Safety Intern.,* 16 F.3d 362, 366 (10th Cir.1993)). Thus, trial courts have broad discretion to admit or exclude expert testimony on an issue that a jury is capable of assessing for itself. *Vining on Behalf of Vining v. Enter. Fin. Group, Inc.*, 148 F.3d 1206, 1218 (10th Cir. 1998).

On the subject of whether Defendant Hodson's actions breached the standard of care owed to Plaintiffs, Martin offered the following opinion:

> The Lodens had a long-term relationship with Mr. Hodson dating back to 1993, during which time the Lodens relied exclusively on Mr. Hodson to meet all of their family's insurance needs. That long-term and exclusive relationship creates a high standard of care on the part of the agent. That standard of care was not met, thereby causing an uninsured financial loss.

(Doc. No. 31, Ex. 1 at 2). In support of this conclusion, Martin asserts that Hodgen (1) failed to become familiar with Plaintiffs' insurance needs; (2) failed to secure flood insurance for the secondary house on their property after Plaintiffs requested flood coverage be extended to both houses located on Plaintiffs' property; (3) failed to understand the nuances of flood insurance coverage through the National Flood Insurance Program ("NFIP"); and (4) provided erroneous assurances to Plaintiffs' mortgagee that the property securing Plaintiffs' mortgage was covered against flood loss. (*Id.* at 4). The Court does not believe the issue of Hodson's allegedly negligent conduct is sufficiently complex or difficult such that lay jurors would be aided by

receiving expert testimony on the subject; therefore, Martin's expert testimony on this subject is excluded.

Defendants also seeks exclusion of Martin's opinion on the issue of State Farm's vicarious liability for Hodson's actions. On the issue of State Farm's liability for Hodson's actions, Martin offered the following opinion:

> Mr. Hodson acted as an exclusive agent for his principal, State Farm. The negligence of or any misrepresentations by agent Hodson should be attributable to both the agent and his principle.

(Doc. No. 31, Ex. 1 at 2).

As discussed above, proffered expert testimony is admissible only if it will "assist the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702. In *Daubert*, the Supreme Court explained that this requirement goes primarily to relevance, because "expert testimony that does not relate to any issue in the case is not relevant and, ergo, non-helpful." 509 U.S. at 591. On October 31, 2012, this Court granted Plaintiffs' Motion to Voluntarily Dismiss its claims against State Farm. (Doc. No. 41).[1] Consequently, State Farm is no longer a party to this suit, and testimony regarding State Farm's liability is irrelevant. Thus, Martin's opinion regarding State Farm's liability for Hodson's action is excluded.

Martin's testimony on both of the issues outlined in his expert report is excluded because Martin's opinions fail to assist the trier of fact in understanding the evidence or determining the facts in issue. Accordingly, Martin will not be allowed to give expert testimony in this case.

---

[1] The voluntary dismissal became effective on October 3, 2012, after Plaintiffs impliedly accepted the conditions of the Court's Order of Voluntary Dismissal by opting not to withdraw their Motion for Order of Voluntary Dismissal.

## CONCLUSION

For the reasons stated above, Defendants' Motion in Limine to Exclude Plaintiffs' Expert Daryll W. Martin is **GRANTED.**

**IT IS SO ORDERED** this 6th day of November, 2012.

James H. Payne
United States District Judge
Eastern District of Oklahoma